UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEENAN WILSON                         CIVIL ACTION NO. 25-cv-1868

VERSUS                                JUDGE VAN HOOK

BMW FINANCIAL SERVICES NA, LLC        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Keenan Wilson ("Plaintiff"), who is self-represented, filed this civil action against BMW Financial Services NA, LLC based on allegations that BMW violated consumer protection laws in connection with the denial of Plaintiff's application for a car loan. Before the court is BMW's Motion to Dismiss (Doc. 12) for failure to state a claim on which relief may be granted. For the reasons that follow, it is recommended that the motion be granted.

**Rule 12(b)(6)**

BMW moves to dismiss the complaint based on Fed. R. Civ. Pro 12(b)(6) for failure to state a claim on which relief may be granted. To avoid dismissal, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Equal Credit Opportunity Act**

Plaintiff alleged in his complaint that on September 4, 2025 he applied for financing with BMW to purchase a 2026 BMW X6 that had an advertised cash price of approximately $87,275.  BMW issued an adverse action decision and communicated the denial with respect to Plaintiff's credit application number 60899805.  Plaintiff requested retraction of the denial and resubmission of the application, but BMW did not do so.  Plaintiff requested BMW give a statement of specific reasons for the adverse action as required by 12 C.F.R. § 1002.9.

Count One of Plaintiff's complaint alleges that BMW violated the Equal Credit Opportunity Act ("ECOA") and regulation B (12 C.F.R. § 1002.9).  Plaintiff contends that BMW did so by taking adverse action and not providing a compliant statement of specific reasons within the time and in the form required by the regulation.  BMW argues that Plaintiff's own complaint and exhibits reflect that he did not plead a plausible claim under the ECOA.

The ECOA states that it is unlawful for any creditor to discriminate against any applicant "on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a)(1).  The statute also prohibits discrimination because the applicant derives income from public assistance or if the applicant has in good faith exercised any right under the chapter.  Id. at §

1691(a)(2)-(3). Plaintiff did not make any allegation that he was subjected to such discrimination, so he has failed to state a claim under this provision of the ECOA.

Section 1691(d)(1) provides that a creditor shall notify the applicant within 30 days after receipt of a completed application of its action on the application. Each applicant against whom adverse action is taken is "entitled to a statement of reasons for such action from the creditor." The creditor satisfies this obligation by providing a statement of reasons in writing that contains the specific reasons for the adverse action taken. 15 U.S.C. § 1691(d)(2)-(3). The regulation invoked by Plaintiff supplements the statute and states that a notification given to an applicant when adverse action is taken shall be in writing and contain certain information, including a "statement of specific reasons for the action taken." 12 C.F.R. § 1002.9(a)(2).

Plaintiff's complaint was accompanied by exhibits. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. Pro. 10(c). Accordingly, the court may consider exhibits to the complaint as part of the complaint for purposes of a Rule 12(b)(6) motion. U.S. ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004).

Exhibit E to Plaintiff's complaint is a letter from BMW dated September 22, 2025, less than 30 days after the date Plaintiff alleges he made an application for credit. The letter references the same credit application number included in Plaintiff's complaint. The letter explains that BMW is unable to approve the application, notes that Plaintiff's credit score was 528, and lists key factors that adversely affected his credit score. The factors included derogatory public record or collection filed, too few accounts currently paid as

agreed, and lack of recent bank/national revolving information.[1]  The letter provided other information, such as how to obtain even more specific reasons, in compliance with 15 U.S.C. § 1691(d)(2) and 12 C.F.R. § 1002.9(a)(2)(ii).

The notice appears to comply with the requirements of the ECOA and its regulations, and Plaintiff's complaint did not allege with any specificity how he contends the notice did not satisfy the applicable rules.  Plaintiff filed a memorandum in opposition (Doc. 16) to the motion to dismiss, but he merely repeated his conclusory assertion that BMW failed to provide a compliant adverse action notice.  He contended that "any notice sent lacked the specificity and disclosures required by law," but he did not point to any particular shortcomings.  Plaintiff has failed to state a plausible claim under the ECOA on which relief may be granted.

**Fair Credit Reporting Act**

Plaintiff's complaint alleged that to the extent BMW used a credit score, the Federal Credit Reporting Act ("FCRA"), in particular 15 U.S.C. § 1681m, required disclosure of the numerical score, score range, date created, and key adverse factors.  Plaintiff alleged that BMW failed to provide all required disclosures.

The FCRA provides in 15 U.S.C. § 1681n that any person who willfully fails to comply with a requirement imposed under the subchapter is liable to a consumer for certain

---

[1] Plaintiff represented in his motion to proceed in forma pauperis that he was recently employed as a cook at a Pizza Hut, had earned about $300 total in the 12 months prior to filing suit, and had $115 in checking or savings. Plaintiff did not disclose any other assets, and he said that he was living with someone else and lacked an individual residence.

damages.  Section 1681o provides a similar cause of action against any person who is negligent in failing to comply with any requirement of the law.  Plaintiff invokes 15 U.S.C. § 1681m, which is a lengthy statute that includes a requirement that any person who takes an adverse action with respect to a consumer that is based on information contained in a consumer report provide certain notice to the consumer.  The statute provides in Section 1681m(h)(8) as follows:

> (8) Enforcement
> (A) No civil actions
>
> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

The Fifth Circuit has held that this provision "bars private enforcement of section 1681m in its entirety" so that an individual such as Plaintiff may not state a claim under the statute. Doe v. Charter Commc'ns, L.L.C., 131 F.4th 323, 330 (5th Cir. 2025).  BMW's motion to dismiss the FCRA claim should be granted.

**UCC Claims**

Plaintiff's complaint alleges that his credit application "constituted tender under UCC § 3-603" and that BMW's silence in response is treated as "admission and dishonor" under other provisions of the UCC.  He attaches exhibits to his complaint such as a Notice of Fault and Opportunity to Cure and Notice of Default and Default Judgment that he sent BMW in connection with his credit application.  These allegations and exhibits are

hallmarks of a absurd legal scheme that is often urged by sovereign citizens and other adherents of illegitimate legal theories in an effort to obtain something for nothing. In this case, Plaintiff asserts that his legal gobbledygook and mailings of various legally meaningless documents entitle him to a free BMW or the cash equivalent.

Courts around the country have routinely and thoroughly rejected such bogus sovereign citizen claims, even if the words sovereign citizen were not mentioned in the complaint, whether the claims were brought under a redemption theory, vapor money theory, legal tender theory, default claim, or various misapplications of the UCC claims. Watson v. Tex. St. Univ., 829 Fed. Appx. 686 (5th Cir. 2020) (dismissal appropriate where complaint based completely on sovereign citizen theories); Daigle v. Advancial Fed. Credit Union, 2025 WL 3237637 (W.D. La. 2025) (dismissing as frivolous similar claims asserted after plaintiff's financed auto was seized and sold); Hunter v. Ally Bank Corp., 2025 WL 3009346 *8 n. 57 (E.D. La. Oct. 9, 2025) (collecting cases); Arthurton v. CarMax Auto Fin., 2025 WL 3542156, *2 (S.D. Tex. 2025) (collecting cases); and Peterson v. USAA Fed. Sav. Bank, 2025 WL 3481770, *4 (E.D. Tex. 2025) (collecting cases). Plaintiff's claims of this nature are frivolous and meritless. BMW's motion to dismiss all such claims should be granted.

Plaintiff's complaint set forth only two identified counts, ECOA and FCRA. His complaint was also littered with references to and demands for relief associated with the UCC/sovereign citizen claims discussed above. Plaintiff has added in his memorandum in opposition an argument that he is entitled to relief based on the common law doctrine of unjust enrichment and constructive trust. He provided zero legal or factual explanation of

how he is entitled to relief under such theories. He has, therefore, failed to state any plausible legal claim, and his entire complaint should be dismissed.

**Request to Amend**

Plaintiff included in his memorandum in opposition a conclusory request that he "be granted leave to amend the complaint if necessary." Plaintiff was entitled, under Fed. R. Civ. Pro. 15(a), to amend his complaint without leave of court within 21 days after BMW filed its motion to dismiss. Plaintiff did not do so, chose instead to stand on his original complaint, and made only a cursory request for leave to amend without offering any articulation of a proposed amendment.

The court is not obligated to grant leave to amend in such circumstances. Scott v. U.S. Bank Nat'l Ass'n, 16 F.4th 1204 (5th Cir. 2021) (plaintiff facing motion to dismiss "failed to offer any grounds as to … how deficiencies in his complaint could be corrected" so "the district court did not commit error when it denied [plaintiff's] request" to amend); McKinney v. Irving ISD, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment"). Neither BMW nor the court should be subjected to any further frivolous litigation from Plaintiff. This case should end now.

**Sanctions Warning**

Frivolous lawsuits are an abuse of the court system that require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving

litigants.  To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice.  See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).  Plaintiff is warned that if he files another frivolous lawsuit it may result in him being sanctioned.  Such sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the denial of pauper status, the imposition of monetary sanctions, or an order for other appropriate sanctions.

Accordingly,

It is recommended that BMW's Motion to Dismiss (Doc. 12) be granted and that Plaintiff's complaint be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  <u>See</u>

<u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of March, 2026.

_____
Mark L. Hornsby
**U.S. Magistrate Judge**